UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 16-50207 |
| | ) | Chapter 7 |
| DOUGLAS JOHN KERKVLIET | ) | |
| SSN/ITIN xxx-xx-1121 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FORREST C. ALLRED, TRUSTEE | ) | Adv. No. 23-5004 |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | DECISION RE:   PLAINTIFF-TRUSTEE |
| | ) | FORREST C. ALLRED'S |
| TUCKER DON PANKOWSKI and | ) | MOTION FOR SUMMARY JUDGMENT |
| WESDAK WELDING AND DIESEL, LLC | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The matter before the Court is Plaintiff-Trustee Forrest C. Allred's uncontested motion for summary judgment.  The Court has jurisdiction over this adversary proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(a).  This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The Court enters these findings and conclusions pursuant to Fed.R.Bankr.P. 7052.  For the reasons discussed below, the Court will deny Plaintiff's motion.  The Court will schedule a second pre-trial conference with the parties to set a trial date regarding Plaintiff's claims against Defendants.

## FACTS

On July 25, 2016, Defendant Tucker Don Pankowski ("Pankowski") filed a chapter 13 bankruptcy, which he voluntarily converted to a chapter 7 bankruptcy on

1

September 1, 2016.[1]  On July 25, 2016, Douglas John Kerkvliet ("Kerkvliet") filed a chapter 13 bankruptcy, which he voluntarily converted to a chapter 7 bankruptcy on August 31, 2016.[2]  Trustee Forrest C. Allred ("Trustee Allred") was appointed as the initial trustee in both chapter 7 bankruptcies.

Defendant WesDak Welding and Diesel, LLC ("WesDak") is a limited liability company organized under the laws of the State of South Dakota.  Pankowski is the controlling, majority owner and manager of WesDak.  Pankowski is also the registered agent for WesDak.

Western Dakota Welding and Fabrication, LLC ("Western Dakota") was a South Dakota limited liability company which was terminated by Kerkvliet on or about May 5, 2016, with the filing of articles of termination.  Pankowski was formerly associated with Kerkvliet in Western Dakota.

Ruby Creek Ranch, LLC ("Ruby Creek LLC") was a South Dakota limited liability company which was administratively dissolved by the South Dakota Secretary of State on or about April 20, 2015.  Kerkvliet formed and operated Ruby Creek LLC.

On or about April 19, 2023, Trustee Allred was advised that Kerkvliet, using the alias Ruby Creek Ranch ("Ruby Creek Ranch"), had been receiving payments of $500.00 to $600.00 every two weeks from WesDak.  Trustee Allred provided proof of two checks from WesDak to Ruby Creek Ranch – one for $600.00 dated September 30, 2022, which cleared on October 3, 2022, and the other for $500.00 dated October 7, 2022, which cleared on October 11, 2022.

On May 16, 2023, Trustee Allred filed this adversary proceeding against Pankowski and WesDak ("Defendants").  Pankowski and WesDak, without

---

[1] Bankr. No. 16-50206.

[2] Bankr. No. 16-50207.

representation by counsel, filed a joint answer to the complaint on June 15, 2023. WesDak's answer was stricken by this Court at a hearing held on August 30, 2023.[3] Trustee Allred filed a summary judgment motion on July 13, 2023. Neither Pankowski nor counsel for WesDak filed a response to Trustee Allred's motion.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law. Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a); McManemy v. Tierney, 970 F.3d 1034, 1037 (8th Cir. 2020). The Court considers the pleadings, discovery, and any affidavits when reviewing for summary judgment. Wood v. SatCom Marketing, LLC, 705 F.3d 823, 828 (8th Cir. 2013).

When filing a summary judgment motion, the movant has the burden to show the parts of the record that demonstrate the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Gibson v. American Greetings Corp., 670 F.3d 844, 853 (8th Cir. 2012). The movant meets his burden if he shows the record does not contain a genuine issue of material fact and he points out the part of the record that bears out his assertion. Handeen v. LeMaire, 112 F.3d 1339, 1346 (8th Cir. 1997). Further, "if the moving party is the

---

[3] The Court warned Defendants on June 15, 2023 and June 22, 2023, that the Court had docketed the answer to Trustee Allred's complaint in this adversary proceeding, but that WesDak would need to retain an attorney to represent it in this matter because a limited liability company is not allowed to appear or file documents pro se in federal court and that it needed to file a statement of corporate ownership with its answer pursuant to Fed.R.Bankr.P. 7007.1. WesDak failed to obtain counsel or file a statement as directed by the Court and the Court struck WesDak's answer from the record at a hearing held on August 30, 2023. See 28 U.S.C. §1654; Fed.R.Bankr.P. 9010(a); and Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996).

plaintiff, it carries the additional burden of presenting evidence that establishes all elements of the claim." Bame v. Al & Alma's Supper Club Corp. (In re Bame), 252 B.R. 148, 154 (Bankr. D.Minn. 2000).

Once the movant has met his burden, then the burden shifts to the non-movant.  The non-moving party must advance specific facts to create a genuine issue of material fact to avoid summary judgment. F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997).  However, even if the non-moving party does not oppose the summary judgment motion, the court must still determine if summary judgment is appropriate as a matter of law on that claim. Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997); see also Feickert v. Wheeler, 2022 WL 899531, at *3 (D.S.D. March 28, 2022).

Lastly, the matters must be viewed in the light most favorable to the party opposing the motion. Bell at 263; Amerinet, Inc. v. Xerox Corp., 972 F.2d 1483, 1490 (8th Cir. 1992) (quoting therein Matsushita Elec. Industrial Co. v. Zenith Radio, 475 U.S. 574, 587-88 (1986), and citations therein).  In addition, the non-moving party is entitled to all reasonable inferences that can be drawn from the evidence without resorting to speculation. P.H. v. School District of Kansas City, Missouri, 265 F.3d 653, 658 (8th Cir. 2001).

**II.  Property of the Estate**

Trustee Allred brings this action pursuant to 11 U.S.C. §541 and Fed.R.Bankr.P. 7001.  11 U.S.C. §541(a) defines what qualifies as property of the estate while Fed.R.Bankr.P. 7001 states the actions that may be brought under an adversary proceeding.  As it relates to Rule 7001, even though not specified by Plaintiff but based solely upon how the action was filed with the Court, Trustee Allred appears to be bringing this action as (1) a proceeding to recover money or property or (2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property.  However, Plaintiff still needs to set forth that no genuine issue of material fact exists as to the assets he is attempting to recover or the interest

4

in property he is asking this Court to determine, and Plaintiff has failed to do so.

Property of the estate is comprised of property detailed throughout subsections (1) through (7) of 11 U.S.C. §541(a), wherever located and by whomever held.   Courts look to state law or other nonbankruptcy law to determine the nature and extent of a debtor's interest in property. Butner v. United States, 440 U.S. 48, 55 (1979).   "However, once that determination is made, federal bankruptcy law dictates to what extent that interest is property of the estate." N.S. Garrott & Sons v. Union Planters Nat'l Bank of Memphis (In re N.S. Garrott & Sons), 772 F.2d 462, 466 (8th Cir. 1985).   Property of the estate includes causes of action. Whetzal v. Alderson, 32 F.3d 1302, 1303 (8th Cir. 1994) (citing United States v. Whiting Pools, Inc., 462 U.S. 198, 205 and n.9 (1983)).   Lastly, the trustee can step into a debtor's shoes and take whatever the debtor's interest was on the date of filing. Stumpf v. Albracht, 982 F.2d 275, 277 (8th Cir. 1992). Trustee Allred bears the burden of showing the property he is seeking is property of the estate. DeBold v. Case (In re Tri-River Trading, LLC), 329 B.R. 252, 263-64 (B.A.P. 8th Cir. 2005), aff'd 452 F.3d 756 (8th Cir. 2006).   However, Trustee Allred fails to identify the particular subsections on which he is relying or to clearly identify what he claims is property of the estate.   This Court will review the facts presented by Trustee Allred but is not going to speculate which particular subsections the trustee is relying on for the purposes of his motion.

On or about April 19, 2023, Trustee Allred was advised that Kerkvliet, using the alias Ruby Creek Ranch, had been receiving payments of $500.00 to $600.00 every two weeks from WesDak.   Trustee Allred provided proof of checks from WesDak to Ruby Creek Ranch for $600.00 dated September 30, 2022, which cleared on October 3, 2022, and for $500.00 dated October 7, 2022, which cleared on October 11, 2022, as shown on Exhibits A and B to Trustee Allred's Statement of Undisputed Facts.   However, with a cursory review of the subsections under 11 U.S.C. §541(a), Trustee Allred has failed to prove the factors required under any of

these subsections to establish these payments are property of Kerkvliet's bankruptcy estate.

To the contrary, some of the facts provided by Trustee Allred prove that genuine issues of material fact exist.   For instance, in Trustee Allred's Statement of Undisputed Facts, paragraph 14, he alleges the payments brought to his attention were made from WesDak to Ruby Creek Ranch shortly after the date of commencement of the bankruptcies.   However, the record shows the bankruptcies were filed in 2016 and the payments on Exhibits A and B to Trustee Allred's Statement of Undisputed Facts were made in 2022, so these payments were not made shortly after the commencement of the bankruptcies.   No facts on the record prove these two payments or any assets were property of the estate under 11 U.S.C. §541.

### III.  Turnover / Fraud / Conversion

Trustee Allred argues for turnover of property from Defendants, but he must prove the property in question is property of the estate as defined under 11 U.S.C. §541 and thus is subject to turnover.   There are additional elements the trustee must prove depending on what type of turnover action he is pursuing against Defendants and what type of asset he is requesting to be turned over, but Trustee Allred's motion has failed here also.   In addition, the Bankruptcy Code grants to the trustee the power to avoid a transfer as actually fraudulent under the qualifying section of the Bankruptcy Code or under state law.   Even though not specifically pled in the complaint and his summary judgment motion, Trustee Allred appears to be seeking turnover of certain property of Kerkvliet's bankruptcy estate based upon fraud and conversion as it relates to certain dealings Kerkvliet had with Defendants. However, it is not clear from the pleadings what those specific assets are, when they existed, what transfers may have been made and when, or what section of the Bankruptcy Code or state law allows Trustee Allred to recover the property from Defendants.   Trustee Allred has not even shown what the potential obligation from

WesDak is and whether he is pursuing a pre-petition or a post-petition transfer.

Trustee Allred bears the burden of proof in a turnover proceeding and must at least establish a prima facie case to be successful. Evans v. Robbins, 897 F.2d 966, 968 (8th Cir. 1990) (quoting Gorenz v. Illinois Dept. of Agriculture (In re Gorenz), 653 F.2d 1179, 1184 (7th Cir. 1981). "As part of a prima facie case, the trustee must demonstrate by clear and convincing evidence that the assets in question are part of the bankrupt's estate." Id[4]. (quoted in Davis v. West Virginia State Tax Department (In re Patriot Coal Corporation), 631 B.R. 648, 656 (Bankr. E.D.Mo. 2021)); Seaver v. Klein-Swanson (In re Klein-Swanson), 488 B.R. 628, 633 (B.A.P. 8th Cir. 2013). As stated above, Trustee Allred has failed to establish any assets are property of the bankruptcy estate, so the Court does not need to further address the particulars of his turnover request.

As it relates to fraud and conversion, Trustee Allred has not pointed to any section of the Bankruptcy Code, state statute, or law for this Court to determine if either exists.[5] Therefore, Trustee Allred has not properly identified what cause of action he is asserting against Defendants and has merely alleged fraud and conversion without providing specific material facts to prove his claims, and therefore is not entitled to summary judgment. Aqreva, LLC v. Eide Bailly, LLP, 950 N.W.2d 774, 791 (S.D. 2020) ("Fraud is not to be presumed, but must be strictly proven.") (quoting Paint Brush Corp. v. Neu, 599 N.W.2d 384, 391 (S.D. 1999), and Bruske v. Hille, 567 N.W.2d 872, 876 (S.D. 1997)). See also Pierce v. Gjere (In re Datoon),

---

[4] "It is the burden of the trustee to produce this evidence, however difficult his task may be." Evans v. Robbins, 897 F.2d 966, 969 (8th Cir. 1990) (quoting Maggio v. Zeitz (In re Luma Cameral Service, Inc.), 333 U.S. 56, 64 (1948)).

[5] Trustee Allred briefly argues also for exemplary damages and presumed damages for wrongful conversion, but again fails to prove the undisputed material facts necessary to support those arguments and to be entitled to such relief under South Dakota law.

2010 WL 698241, at *2 (Bankr. D.S.D. February 24, 2010) ("Where motive and intent are at issue, disposition of the matter by summary judgment may be more difficult.") (Cf. Amerinet, Inc. v. Xerox Corp., 972 F.2d 1483, 1490 (8th Cir. 1992) (citation omitted).   Therefore, Trustee Allred has failed to prove fraud or conversion.

## CONCLUSION

Trustee Allred has failed to meet his burden, and the record shows genuine issues of material fact remain to be resolved.   As such, Trustee Allred is not entitled to judgment as a matter of law.   The Court will therefore enter an order denying his motion for summary judgment.

So ordered:   October 2, 2023.

BY THE COURT:

Laura L. Kulm Ask
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

8